IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

TIFFANY A. STUDD,                      )
                                       )
           Plaintiff,                  )    TC-MD 130062N
                                       )
      v.                               )
                                       )
DEPARTMENT OF REVENUE,                 )
State of Oregon,                       )
                                       )
           Defendant.                  )    **DECISION**

Plaintiff appeals Defendant's Notice of Deficiency Assessment, issued

February 24, 2011, for the 2009 tax year.  Plaintiff's "account was considered paid in full on

01/23/2012."  (Def's Ans at 1.)  A trial was held in the Oregon Tax Courtroom on July 30, 2013.

Plaintiff appeared and testified on her own behalf.  Tony Inovejas (Inovejas), Tax Auditor,

appeared and testified on behalf of Defendant.  Plaintiff submitted no exhibits, relying instead on

the exhibits submitted by Defendant.[1]  Defendant's Exhibits A through E were received without

objection.

## I. STATEMENT OF FACTS

For the 2009 tax year, Plaintiff claimed a working family child care credit (working

family credit) of $771 and a child and dependent care credit (child care credit) of $154, both of

which were disallowed by Defendant.  (Ptf's Compl at 5.)

Plaintiff testified that, in 2009, she had three children, ages 2, 4, and 5.  (*See also* Ptf's

Compl at 8-10.)  She testified that, from September through December 2009, Kristina Crowder

(Crowder) provided childcare for Plaintiff's three children while she was working.  (*See* Def's

---

[1] Prior to trial in this matter, Plaintiff provided documents to Defendant.  Those documents were submitted with Defendant's exhibits.

Exs A, B at 3.) Plaintiff testified that Crowder was recommended to her by a friend. Plaintiff testified that she recalled signing a contract for child care with Crowder, but no longer had a copy of that contract. (*See* Def's Ex B at 1-2.) She testified that she paid Crowder in cash, but did not receive receipts. Plaintiff provided a year-end statement for 2009 signed by Crowder. (Def's Ex A; *see also* Def's Ex B at 3.) The statement identifies the "Months of Care" as September through December 2009. (Def's Ex A.) It includes contact information for Crowder and indicates the following cash payments made by "Tiffany" in 2009: $220 paid on September 19, 2009, $1,007 paid on December 16, 2009, and $700 paid on December 21, 2009. (*Id.*) Plaintiff testified that payments were due monthly, but she was unable to make monthly payments so Crowder accepted late payments.

Plaintiff testified that, in 2009, she worked for E C Company and that was her only source of income. (*See* Def's Ex B at 1.) She testified that she did not have a bank account, so she cashed her checks at Wells Fargo bank. Plaintiff testified that no one contributed to her child care payments or to her household expenses. She testified that she did not receive assistance with her child care payments from the State of Oregon or any other entity or organization.

Inovejas testified that he agreed that Plaintiff worked in 2009 and he accepted her income as reported in 2009. He testified that he agreed with Plaintiff that the amounts reported on Crowder's 2009 year-end statement were paid to Crowder for the care of Plaintiff's children. (*See* Def's Ex A.) He testified that the only issue in this case is the source of payments to Crowder. Inovejas testified that he did not attempt to contact Crowder. He testified that he was not aware of anyone other than Plaintiff who might have paid Crowder for child care for Plaintiff's children in 2009. Inovejas offered no evidence that Plaintiff's child care was paid by someone other than Plaintiff in 2009.

## II. ANALYSIS

The issue before the court is whether Plaintiff is entitled to a working family credit and a child care credit for the 2009 tax year based on her claimed child care payments totaling $1,927.

ORS 315.262 provides a refundable credit, the working family credit, for qualifying taxpayers to partially offset child care costs incurred while taxpayers are working, attending school, or "seek[ing] employment."[2] ORS 315.262(3) states: "A qualified taxpayer shall be allowed a credit against the taxes otherwise due under ORS chapter 316 equal to the applicable percentage of the qualified taxpayer's child care expenses * * *." Under ORS 315.262(1)(a), "child care" is "care provided to a qualifying child of the taxpayer for the purpose of allowing the taxpayer to be gainfully employed, to seek employment or to attend school on a full-time or part-time basis[.]" "[T]he [working family] credit is limited to costs associated with child care[]" and such costs "must be made by the parent claiming the working family [] credit." OAR 150-315.262(3). "Payments made by an entity or individual other than the parent claiming the credit are not payments made by the taxpayer." *Id.*

ORS 316.078 provides a nonrefundable credit, the child care credit, for certain "employment-related expenses," including child care, paid by a taxpayer for the care of a dependent child or children. The child care credit is specifically tied to Internal Revenue Code (IRC) section 21. The child care credit is "equal to a percentage of employment-related expenses allowable pursuant to section 21 of the Internal Revenue Code * * *." ORS 316.078(1); *see also* OAR 150-316.078(1).[3] IRC section 21(a)(l) provides a credit for a "percentage of the employment related expenses * * * paid by such individual during the taxable year."

---

[2] All references to the Oregon Revised Statutes (ORS) are to 2009.

[3] OAR 150-316.078(1) states: "When calculating the Oregon child care credit, taxpayers must use the same employment related expenses used for calculating the federal credit, subject to the same limitations and eligibility requirements outlined in the IRC Section 21."

Plaintiff has the burden of proof and must establish her case by a preponderance of the evidence. ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Rev.,* 4 OTR 302, 312 (1971) (citations omitted). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet [her] burden of proof * * *." *Reed v. Dept. of Rev.,* 310 Or 260, 265, 798 P2d 235 (1990).

The parties agreed that Plaintiff was employed in 2009 and that her income was as reported on her 2009 income tax return. The parties further agreed that Crowder was paid $1,927 in 2009 to care for Plaintiff's children. Inovejas questioned whether Plaintiff was the "source" of child care payments to Crowder in 2009 and disagreed that Plaintiff met her burden of proof because she paid for child care with cash. Although Plaintiff provided Crowder's contact information to Defendant, Inovejas testified that he did not attempt to contact Crowder.

Inovejas cited several past decisions of this court that he considered to be both relevant and persuasive. (*See* Def's Ex C.) In five of the cases cited by Defendant, the alleged child care payments were made in cash to an individual related to the taxpayer.[4] "Transactions between related parties rightly generate heightened scrutiny, because of the increased potential for favorable treatment (*e.g.*, leniency when the taxpayer cannot afford some or all of the amount due)[.]" *Carter v. Dept. of Rev.*, TC-MD No 080689C, WL 1351818 at *3 (Apr 30, 2009). Here, Plaintiff testified that Crowder was recommended to her by a friend; there is no evidence that Crowder is related to Plaintiff.

/ / /

---

[4] *Barlow v. Dept. of Rev.*, TC-MD 110820N (Apr 20, 2012); *Rangel v. Dept. of Rev.*, TC-MD 110912N (Jun 29, 2012); *Briggs v. Dept. of Rev.*, TC-MD 070700E (Jan 30, 2008); *Cortez v. Dept. of Rev.*, TC-MD No 070754C (Feb 14, 2008); and *Marks v. Dept. of Rev.*, TC-MD 070124E (May 11, 2007). (*See* Def's Ex C.)

In several decisions cited by Defendant, the child care provider could not be located or contacted. *See, e.g., Aguilera v. Dept. of Rev.*, TC-MD 080151C, WL 4899284 (Nov 7, 2008) (the defendant's representative "tried to contact each of the five reported providers to verify the information in their signed statements and, in each instance, was unable to speak with the alleged provider[]"); *Rodriguez-Avalos v. Dept. of Rev.*, TC-MD No 050651C, WL 2614534 (Oct 12, 2005) (cash payments for child care reportedly made "to an individual whose whereabouts are presently unknown[]"); and *Marks v. Dept. of Rev.*, TC-MD 070124E, WL 1452000 (May 11, 2007) (the taxpayer reportedly made child care payments to a brother-in-law who could not be contacted because he was "in hiding" due to "a secret indictment against him for dealing drugs[]").

Plaintiff testified under oath that she paid Crowder for child care in 2009. The court found Plaintiff to be credible and accepts her testimony as true. No evidence was presented that an entity or an individual other than Plaintiff paid Crowder to care for Plaintiff's children in 2009. Based on the agreed-upon facts, credible testimony of Plaintiff, and evidence presented, the court is persuaded that Plaintiff incurred $1,927 in child care expenses in 2009 and is entitled to a working family credit and a child and dependent care credit based on those expenses.

In her Complaint, Plaintiff requested a "refund" of the $240 filing fee. (Ptf's Compl at 1.) Plaintiff did not cite any authority in support of her request for the filing fee. Under ORS 305.490(1) (2011), "[p]laintiffs or petitioners filing a complaint or petition in the tax court shall pay the filing fee established under ORS 21.135 at the time of filing for each complaint or petition." Taxpayers may file a Declaration and Application for Waiver of Fee at the time of filing a complaint. There is no provision in the statutes or court rules for a refund of that fee. This court has previously determined that there is no statutory authority for an award of costs and

disbursements in the Magistrate Division of the Oregon Tax Court. *See Wihtol v. Multnomah County Assessor*, TC-MD No 120762N, WL 412542 (Jan 30, 2013.) Plaintiff's request for a refund of the filing fee of $240 is denied.

## III. CONCLUSION

After careful consideration, the court finds that Plaintiff incurred $1,927 in child care expenses in 2009 and is entitled to a working family credit and a child and dependent care credit based on those child care expenses. The court further concludes that Plaintiff's request for a refund of her $240 filing fee must be denied. Now, therefore,

IT IS THE DECISION OF THIS COURT that for the 2009 tax year, Plaintiff is allowed a working family credit and a child care credit based on child care expenses of $1,927.

IT IS FURTHER DECIDED that Plaintiff's request for a refund of the filing fee of $240 is denied.

Dated this ⎯⎯ day of August 2013.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This Decision was signed by Magistrate Allison R. Boomer on August 23, 2013. The court filed and entered this Decision on August 23, 2013.*